No. 37.—Mary Morgan, executrix, &c. plaintiff in error, *vs.* Wm. G. Morgan, administrator, &c. defendant in error.

[1.] An *appeal* does not lie from the verdict of a *Special Jury*, on a *new trial.*

Motion, in Monroe Superior Court. Decision by Judge Starke, August Term, 1853.

Upon a supplemental bill in Equity, in which Wm. G. Morgan, as administrator, was complainant, and Mary Morgan and others were respondents, a trial was had and verdict rendered for defendants. To the rulings of the Court upon this trial, a writ of error was sued out, and a new trial awarded by the Supreme Court. Upon this trial, a verdict was rendered for the defendants; and from this verdict, complainant appealed.

Respondent's counsel moved to dismiss this appeal, on the ground that the cause had already been upon the appeal, and there decided.

The Court over-ruled the motion, and counsel for respondents excepted.

TRIPPE & POE, for plaintiff in error.

HARMAN & GIBSON, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

[1.] The only question in this case is, when a *new trial* has been granted from the *first* verdict and judgment, in a Common Law or Equity cause, does an appeal lie from the verdict rendered on the *new trial?*

By the 55th section of the Judiciary Act of 1799, it is provided that the Superior Courts shall have power to correct errors and grant new trials, in any cause depending in any of the said Superior Courts, in such manner and under such rules and regulations as they may establish, and according to law and the usages and customs of Courts.

By the 58th section of the same Act, it is declared that all *new trials* shall be had by a *Special Jury*, taken from the Grand Jury list of the county, and struck in the presence of the Court, in the same manner as in appeal cases. (*Crawford & M. Dig.* 307, 308.)

Is it not obvious that the new trial is in the nature of an appeal, which is, itself, a new trial, and stands in lieu thereof?

But if any doubt rested on this point, it will be removed by reference to the 57th section of the same Act, standing intermediate the two - which I have just quoted. It enacts, that in any case which has arisen since the signing the present Constitution, or which may hereafter arise of a verdict of a Special Jury being given, contrary to evidence and the principles of justice and equity, it shall and may be lawful for the

Judge presiding, to grant a new trial before another Special Jury, in the manner prescribed by the Act.

Now, let it be borne in mind, that under the Statute, *every verdict*, on a *new trial*, must be by a *Special Jury*. And yet, to enable the party dissatisfied, to get a re-hearing, it can be done only on application for another *new trial;* and in *no case*, whatever, by appeal, whether there had been a previous appeal or not. To my mind, this view alone is conclusive. And such, we learn, upon inquiry, instituted since the opinion was delivered in this case, from some of the elder members of the bar, and Ex-Judges of the State, has been the uniform practice, under this law.

An appeal proper, lies only from the *first* verdict. If either party is dissatisfied with that, he has his choice of two remedies: an appeal, on the trial of which, he may have his rights properly adjudicated, both as to the law and the facts of his case; and if they are not, he may then move for a new trial, and if it be improperly refused, prosecute his writ of error to this Court: or else he may, in the first instance, waive his privilege of appeal, and move for a new trial at once, as was done in this case, and if denied, sue out his bill of exceptions. But if he elects to take the latter course, he must abide by it; and he is forever estopped from resorting to his right of appeal afterwards.

Nor can the party complain of any hardship, resulting from this construction. If he considers the privilege of appealing so inestimable, why not resort to it in the first instance? If the Court perseveres, in what he may adjudge a mal-administration of the law, he can ultimately seek redress, by writ of error, on the appeal trial. But suppose, as in this case, he abandons the right of appealing, and gets the errors which were committed on the first trial corrected, and a new trial is ordered, what more advantage could he ask? His condition is better, than if he had entered an appeal. His case is tried by a Special Jury—as an appeal—and without being liable to damages, or being required to give bond and security, for the payment of the eventual cost and condemnation money.

Morgan, ex'r, &c. *vs.* Morgan, adm'r, &c.

The question may well be propounded, then, why allow an appeal on a new trial, which, itself, is in the nature of an appeal, and which, for any practical intent and purpose, is an appeal? If it can be entered from the first new trial verdict, it can from any subsequent one. Suppose ten new trials were directed, originating in errors committed on the first, and repeated through every following trial, until finally, a verdict was rendered and a judgment awarded, against which the suitor had no complaint—but he now comes and insists on his Statutory right of appeal! Would not the absurdity of such pretension, be too palpable to demand serious refutation?

Let the judgment be reversed, and the appeal dismissed.